O

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL PLUMMER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. H-04-4552** |
| | § | |
| **DON PLUNKETT and** | § | |
| **TEXAS DEPARTMENT of** | § | |
| **PUBLIC SAFETY,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff Michael Plummer's ("Plummer") Motion for Pre-Trial Summary Judgment on Pleadings (Dkt. #13), Plummer's Motion to Deny Qualified Immunity (Dkt. #20), Plummer's Motion to Suppress Evidence (Dkt. #25), Defendant Don Plunkett's ("Plunkett") Motion for Summary Judgment (Dkt. #19), and Plunkett's Supplemental Motion for Summary Judgment (Dkt. #33). After consideration of the motions, the record, and the applicable law, the Court is of the opinion that Plunkett's Supplemental Motion for Summary Judgment should be GRANTED and the remaining motions should be DENIED as moot, as explained below.

### Factual and Procedural Background

Plunkett, a State Trooper with the Texas Department of Public Safety, was working routine patrol on May 7, 2004 along U.S. Hwy. 77 in Victoria County, Texas. After allegedly determining that Plummer's vehicle was speeding, Plunkett pulled Plummer over and identified himself as Texas Highway Patrol. After informing Plummer that he would receive a written warning for speeding, Plunkett asked for consent to search Plummer's vehicle. Plummer allegedly consented to the search, which led to his arrest for possession of marijuana. Prior to the trial for this possession charge,

Plummer filed a motion to suppress the evidence obtained by Plunkett during the search of the vehicle. In its Findings of Fact and Conclusions of Law, the state trial court determined both that Plunkett had probable cause to stop the vehicle and that Plummer had consented to the search.[1]  As a result, the court found the evidence to be admissible at trial.[2]  Subsequently, Plummer was tried and convicted by a jury on April 25, 2005 in the County Court at Law No. 1 of Victoria County, Texas.[3]  In this lawsuit, Plummer asserts claims against Plunkett under 42 U.S.C. § 1983 for prolonged unlawful detention and false arrest and confinement relating to the traffic stop.

### Discussion

In his Supplemental Motion for Summary Judgment, Plunkett asserts that this lawsuit must be dismissed because the theories advanced by Plummer are impermissibly intertwined with the conclusions of the state criminal court, as well as Plummer's conviction for the underlying offense. Specifically, Plunkett maintains that the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plummer's claim for monetary damages in a civil lawsuit until Plummer demonstrates that the underlying conviction has been reversed or otherwise rendered invalid.  In response, Plummer complains that the criminal proceedings against him leading to his conviction in state court were unfair, and urges this Court instead to grant summary judgment in his favor.  The Court, however, agrees with Plunkett that the Supreme Court's decision in *Heck* applies, and that this case must therefore be dismissed.

Under *Heck*, a court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction,

---

[1] Dkt. #33, Ex. C.

[2] *Id.*

[3] *Id*. at Ex. D.

unless the plaintiff demonstrates that the conviction has been reversed on direct appeal, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *See Heck*, 512 U.S. at 486-87.  In this instance, the crux of Plummer's complaint is that Plunkett lacked probable cause for the actions taken during the traffic stop, which ultimately led to Plummer's arrest and conviction for possession of marijuana.  Based on these actions, Plummer has asserted these § 1983 claims for unlawful prolonged detention and false arrest and confinement.  *See* Dkt. #1.  Yet the state criminal court has already considered the actions by Plunkett and determined that Plunkett had probable cause to stop Plummer and that Plummer consented to the search.  Moreover, a jury convicted Plummer based on the evidence obtained by Plunkett during the search about which Plummer complains.  Thus, any favorable decision for Plummer in this lawsuit would impermissibly implicate the state court criminal conviction.  As such, Plummer's complaint must be dismissed.

### Conclusion

For the foregoing reasons, Plunkett's Supplemental Motion for Summary Judgment is GRANTED.  As a result, the remaining motions before the Court are hereby DENIED as moot.

It is so ORDERED.

Signed this 10th day of June, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE