UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL PLUMMER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-4552 |
| | § | |
| **DON PLUNKETT and** | § | |
| **TEXAS DEPARTMENT of** | § | |
| **PUBLIC SAFETY,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court are Plaintiff's Memorandum in Support of Motion for Relief From Judgment (Dkt. #40) and Plaintiff's Second Memorandum in Support of Motion for Relief From Judgment (Dkt. #42). After consideration of the motions and the applicable law, the Court is of the opinion that Plaintiff's Memorandum in Support of Motion for Relief From Judgment should be DENIED and Plaintiff's Second Memorandum in Support of Motion for Relief From Judgment should be DENIED, as explained below.

**Discussion**

On June 10, 2005, the Court granted Defendant Don Plunkett's ("Plunkett") Supplemental Motion for Summary Judgment (Dkt. #37) and entered Final Judgment on the same day (Dkt. #38). In its Order granting summary judgment, the Court relied on *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a court must dismiss a compliant brought pursuant to 42 U.S.C. § 1983 when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction, unless the plaintiff demonstrates that the conviction has been reversed on direct appeal, expunged, declared invalid, or called into question by a federal

court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *See Heck*, 512 U.S. at 486-87.  In applying this standard, the Court found that a favorable decision for Michael Plummer ("Plummer") would impermissibly implicate his state court conviction because Plummer had not established any of the grounds articulated in *Heck*.  (Dkt. #37 at 3).

Plummer presently moves the Court, by means of two separate motions, to grant relief from the Court's judgment pursuant to Federal Rule of Civil Procedure 60(b).[1]  Plummer asserts that several grounds for relief provided in Rule 60(b) are presently applicable because his criminal conviction is unlawful under the double jeopardy clause of the Fifth Amendment.[2]  However, Plummer has not established any mistake or fraud.  Similarly, he has not established that the judgment is void, that any new evidence justifies relief, or that any other reason justifies relief.  It remains that Plummer has not established that his conviction was reversed on direct appeal, expunged, declared invalid or called into question by a federal court's issuance of a writ

---

[1] Federal Rule of Civil Procedure 60(b) provides in the relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time for a move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

[2] Specifically, Plummer argues that: (1) Plunkett engaged in fraud, misrepresentation, or other misconduct and the judgment was unfairly obtained because "the second case Plunkett filed was 'Barred' from retrial;" (2) clear and convincing evidence of misconduct exists because Plunkett engaged in retaliation; (3) the judgment is void because Plunkett filed the same criminal case twice, after jeopardy had attached; and (4) exceptional circumstances justifying relief exist, namely because Plunkett filed a criminal case after jeopardy had attached.

of habeas corpus under 28 U.S.C. § 2254.  Because Plummer's argument does not implicate any valid ground under Rule 60(b),  the Court finds Plummer's motions to be without merit.

## Conclusion

For the foregoing reasons,  Plaintiff's Memorandum in Support of Motion for Relief From Judgment (Dkt. #40) is DENIED and Plaintiff's Second Memorandum in Support of Motion for Relief From Judgment (Dkt. #42) is DENIED.

It is so ORDERED.

Signed this 31st day of January, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE